1 | Sam S. Leslie, CPA
6310 San Vicente Blvd.
2 | Suite 320
Los Angeles, CA 90048
3 | Telephone: 323/549-6900
Facsimile: 323/549-6905
4 | trustee@lesliecpa.com

5 | Chapter 7 Trustee

6

7

8 | UNITED STATES BANKRUPTCY COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10 | LOS ANGELES DIVISION

11

12 | In re                              ) Case No. 2:09-bk-35755-ER
                                       )         [Chapter 7]
13 | MOJGAN BOODAIE,                    )
                                       ) TRUSTEE'S APPLICATION TO EMPLOY
14 |                   Debtor.         ) REAL ESTATE BROKER FOR THE
                                       ) ESTATE'S RESIDENTIAL REAL
15 |                                    ) PROPERTY; DECLARATIONS AND
                                       ) EXHIBITS IN SUPPORT THEREOF
16 |                                    )
                                       ) [No Hearing Required Unless
17 | _____   ) Requested; Local Rule 2014-1]

18

19 |     Sam S. Leslie, the duly appointed Chapter 7 Trustee in the

20 | above-captioned case, respectfully represents:

21 |     1.   Mojgan Boodaie ("Debtor") filed for relief under

22 | Chapter 7 of the United States Bankruptcy Code on September 23,

23 | 2009.

24 |     2.   David A. Gill was appointed as Chapter 7 Trustee on or

25 | about September 23, 2009, and resigned on or about November 6,

26 | 2009.  Sam S. Leslie was appointed as successor Chapter 7 Trustee

27 | on or about November 20, 2009, and accepted such appointment

28 | thereafter.

3.    The Debtor's estate includes an interest in certain residential real property commonly described as 907 North Roxbury Drive, Beverly Hills, California 90210 (the "Property").

4.    It is essential to the effective administration of this estate that the Property be sold and the interest of this estate be realized from the net sale proceeds thereof for the benefit of the creditors herein.

5.    Trustee requires the professional assistance and representation of a real estate broker for the following purposes:

(a)   To order, analyze and prepare all documentation necessary to place the Property in a proper position to be listed and advertised for sale;

(b)   To "list" the Property according to the most propitious listing services available, holding and conducting such inspections of the Property as are necessary pursuant to reasonable inquiries of purchase, and to solicit reasonable offers for purchase;

(c)   To convey all reasonable offers of purchase to Trustee, and subject to Trustee's approval, to negotiate and confirm acceptance of the best offer; and

(d)   To cause to be prepared on behalf of Trustee and submitted to escrow, any and all documents requiring the endorsement of Trustee or as may be otherwise necessary to consummate a sale of the Property.

6.    For the foregoing and all other necessary and proper purposes, Trustee desires to retain the real estate brokerage services of Coldwell Banker, through its agents William Friedman ("Friedman"), 5450 Lincoln Blvd., Playa Vista, California 90094

00002

1 | and Michael D. Sahakian ("Sahakian"), 166 N. Canon Drive, Beverly

2 | Hills, California 90210.   (When reference is made to "Broker"

3 | herein, the same shall be deemed to mean Coldwell Banker and its

4 | agents, Friedman and Sahakian.)

5 |     7.   The reason for the selection of the professional named

6 | above is as follows:

7 |         (a)   Trustee believes that Broker is well qualified to

8 | render the foregoing real estate brokerage services because of

9 | Broker's marketing network and extensive experience and success

10 | in the marketing and sale of similar properties.  A copy of

11 | Friedman's and Sahakian's resumes are attached hereto as Exhibits

12 | A and B, respectively; and

13 |         (b)   Broker is well established in the area in which

14 | the Property is situated, and has considerable expertise in the

15 | promotion and sale of real properties of like kind.

16 |     8.   To the best of Trustee's knowledge and based on the

17 | Declarations of Friedman and Sahakian included herewith and the

18 | Statements of Disinterestedness For Employment of Professional

19 | Person Under Bankruptcy Rule 2014 attached hereto as Exhibits C

20 | (Friedman) and D (Sahakian) and which are incorporated herein by

21 | this reference, neither Broker, nor any of its associates or

22 | employees, represent any interest adverse to that of Trustee or

23 | of the estate in the matters on which it is to be retained, and

24 | its principals, licensees, agents, associates and employees are

25 | disinterested persons under Section 101(14) of the Bankruptcy

26 | Code.

27 |     9.   Trustee desires to employ Broker with reasonable fees

28 | paid on a commission basis, subject to determination by the

00003

1 Court, with such commission not to exceed five percent (5%) of

2 the gross selling price of the Property.

3    10.    Trustee's Addendum to the proposed listing agreement

4 attached hereto as Exhibit E affirms that no compensation shall

5 be paid except upon application to and approval by the Court of

6 the terms and conditions of the sale of the Property after notice

7 to all creditors, which then shall be paid out of escrow at

8 closing without further order of this Court.

9    11.    Subject to the Court's approval of this Application,

10 Broker will have the exclusive right to list the Property for

11 sale for a 180-day period beginning December 9, 2009, upon

12 entry of the Order approving this Application, unless otherwise

13 extended, as provided in Exhibit E.

14    12.    The employment would be in the best interest of this

15 estate.

16    13.    Trustee has served Notice of this Application on all

17 interested parties, a copy of which is attached hereto as Exhibit

18 F.

19    WHEREFORE, Trustee requests that the Court approve Trustee's

20 employment of Coldwell Banker as his real estate broker to render

21 services as described herein under an exclusive listing agreement

22 for a period of 180 days commencing on December 9, 2009, and

23 ending 180 days thereafter unless otherwise extended; and to

24 grant Trustee authority to list the Property with Broker so that

25 a purchaser may be obtained and the Property may be sold subject

26 to approval by the Court of the terms and conditions of its sale

27 following notice to all creditors of Trustee's Motion to Sell;

28 and for payment of such compensation of Broker as the Court may

**00004**

1 | then determine and allow; and, upon entry of an order approving

2 | Trustee's Motion to Sell the Property for such commission to be

3 | paid out of escrow upon consummation of the sale of the Property

4 | without further order of the Court.

5 |                              Respectfully submitted,

6 |

7 |

8 | Dated: December 17, 2009
                              Sam S. Leslie, Chapter 7 Trustee

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

00005

### DECLARATION OF SAM S. LESLIE

I, Sam S. Leslie, declare:

1.   I am a Certified Public Accountant and am the duly appointed, qualified and acting Chapter 7 Trustee for the estate of Mojgan Boodaie ("Debtor"), by virtue of my appointment on or about November 20, 2009, and my acceptance of such appointment thereafter.

2.   Except for those matters set forth herein on information and belief, I have personal knowledge of the matters set forth herein and, if called upon as a witness, I could and would testify competently thereto.

3.   In my best judgment in my capacity as Chapter 7 Trustee, and for all the reasons set forth in the accompanying Application which are incorporated herein by this reference, I believe that the employment of Coldwell Banker through its agents William Friedman and Michael D. Sahakian is in the best interest of the estate and its creditors, and respectfully request the Court enter an Order approving the Application.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed this 17th day of December, 2009 at Los Angeles, California.

_____
Sam S. Leslie

1 | **DECLARATION OF WILLIAM FRIEDMAN**

2 | I, William Friedman, declare:

3 | 1.  I am a California real estate licensee, License Number

4 | 00672015, and a sales representative of Coldwell Banker, 5450

5 | Lincoln Blvd., Playa Vista, California 90094.

6 | 2.  The following is based upon my own personal knowledge

7 | and, if called upon, I could and would competently testify

8 | thereto.

9 | 3.  This Declaration is submitted in support of the Appli-

10 | cation to Employ Coldwell Banker (the "Application") submitted by

11 | Sam S. Leslie, Chapter 7 Trustee ("Trustee") for the estate of

12 | Mojgan Boodaie, Case No. 2:09-bk-35755-ER, in connection with

13 | the sale of the estate's residential real property commonly

14 | described as 907 North Roxbury Drive, Beverly Hills, California

15 | 90210 (the "Property").

16 | 4.  Coldwell Banker and the representatives, agents and

17 | support staff who will handle this matter are professionals

18 | within Coldwell Banker's marketing network, with experience in

19 | the marketing and sale of real properties of similar kind and

20 | condition as that of the subject Property.  (A copy of my resume

21 | is attached to the Application as Exhibit A and incorporated

22 | herein by this reference.)

23 | 5.  As is more particularly set forth in the attached the

24 | Statement of Disinterestedness For Employment of Professional

25 | Person Under Bankruptcy Rule 2014 attached to the Application as

26 | Exhibit C and incorporated herein by this reference, neither I,

27 | Coldwell Banker nor any of its principals, representatives,

28 | agents, associates or employees represent any interest adverse

-7-

**00007**

1  to that of the Trustee or of the estate in the matters on which

2  it is to be retained, and Coldwell Banker, its principals, repre-

3  sentatives, agents, associates and employees are disinterested

4  persons under Section 101(14) of the Bankruptcy Code.

5       6.    Subject to the terms, conditions and approvals provided

6  in the Application, Coldwell Banker desires to be employed and

7  enter into the proposed listing agreement to render for and on

8  behalf of Trustee the real estate brokerage services described

9  therein.

10      I declare under penalty of perjury under the laws of the

11  United States of America that the above is true and correct.

12      Executed this  18  day of December, 2009, at Playa Vista,

13  California.

14

15                                    William Friedman

16

17

18

19

20

21

22

23

24

25

26

27

28

-8-

1                 **DECLARATION OF MICHAEL D. SAHAKIAN**

2     I, Michael D. Sahakian, declare:

3     1.   I am a California real estate licensee, License Number

4 00876770, and a sales representative of Coldwell Banker, 166 N.

5 Canon Drive, Beverly Hills, California 90210.

6     2.   The following is based upon my own personal knowledge

7 and, if called upon, I could and would competently testify

8 thereto.

9     3.   This Declaration is submitted in support of the Appli-

10 cation to Employ Coldwell Banker (the "Application") submitted by

11 Sam S. Leslie, Chapter 7 Trustee ("Trustee") for the estate of

12 Mojgan Boodaie, Case No. 2:09-bk-35755-ER, in connection with the

13 sale of the estate's residential real property commonly described

14 as 907 North Roxbury Drive, Beverly Hills, California 90210 (the

15 "Property").

16     4.   Coldwell Banker and the representatives, agents and

17 support staff who will handle this matter are professionals

18 within Coldwell Banker's marketing network, with experience in

19 the marketing and sale of real properties of similar kind and

20 condition as that of the subject Property.  (A copy of my resume

21 is attached to the Application as Exhibit B and incorporated

22 herein by this reference.)

23     5.   As is more particularly set forth in the attached the

24 Statement of Disinterestedness For Employment of Professional

25 Person Under Bankruptcy Rule 2014 attached to the Application as

26 Exhibit D and incorporated herein by this reference, neither I,

27 Coldwell Banker nor any of its principals, representatives,

28 agents, associates or employees represent any interest adverse

1 | to that of the Trustee or of the estate in the matters on which

2 | it is to be retained, and Coldwell Banker, its principals, repre-

3 | sentatives, agents, associates and employees are disinterested

4 | persons under Section 101(14) of the Bankruptcy Code.

5 |     6.   Subject to the terms, conditions and approvals provided

6 | in the Application, Coldwell Banker desires to be employed and

7 | enter into the proposed listing agreement to render for and on

8 | behalf of Trustee the real estate brokerage services described

9 | therein.

10 |     I declare under penalty of perjury under the laws of the

11 | United States of America that the above is true and correct.

12 |     Executed this 18th day of December, 2009, at Beverly Hills,

13 | California.

15 | _____
     Michael D. Sahakian

-10-

00010

EXHIBIT A



RESIDENTIAL BROKERAGE

5450 LINCOLN BOULEVARD
PLAYA VISTA, CA 90094
BUS. (310) 305-4200
FAX (310) 578-8393

## WILLIAM FRIEDMAN

William Friedman is a licensed real estate agent engaged in real estate sales transactions for over 30 years. Mr. Friedman is a top producer for Coldwell Banker. He was previously appointed Designated Area Real Estate Salesperson with Federal Home Loan Mortgage Corporation.

In addition to directly assisting individual homeowners and buyers, he has represented major lending institutions, receivers and bankruptcy trustees, including:

**Trustees:**
David Seror
Diane Weil
Richard M. Pachulski
Steve Schwaber
Byron Z. Moldo
James I. Stang
Dennis McGoldrich
David L. Ray
Alfred H. Siegel
James Leonard Brown
Lawrence Diamant
Samuel R. Biggs
Carolyn A. Dye
Nancy Knupfer
Edward M. Wolkowitz
F. Wayne Elggren
Richard K. Diamond
R. Todd Neilson
David A. Gill
Helen Ryan Frazer
Heide Kurtz
Howard Ehrenberg
Alberta Stahl
David K. Gottlieb
Brad D. Krasnoff
Michael Kogan
Amy L. Goldman
Jeffrey I. Golden
Ronald L. Durkin
Jeffrey Coyne
Linda Chu
Christopher Barclay
Sam Leslie
Jason Rund
Barry Schwartz
David L. Hahn

**Lenders:**
Countrywide Home Loans
Federal Home Loan Mortgage Corporation
Lincoln Service Corporation
Bank of America
Cal-Fed Enterprises
Union Federal Savings
California Federal Bank

Southern California Savings
Union Federal Bank
Residential Funding Corporation/GMAC
Coast Federal Bank

**Receivers:**
Adrian Stern
Samuel R. Biggs

**EXHIBIT B**

COLDWELL BANKER RESIDENTIAL BROKERAGE



## RESUME FOR MICHAEL D. SAHAKIAN

I have been a real estate salesperson since 1986 and have been a licensed real estate
broker for over 11 years.

I have been associated with Coldwell Banker in Beverly Hills for most of my career
and am one of only 10 Previews Directors for the past 15 years.

For the past 7 years, I have been the assistant manager for the Coldwell Banker
Beverly Hills South Office.

I'm one of the most highly respected agents in the Westside because of my ethics,
impeccable reputation and experience.

I have been employed by the U.S. Bankruptcy court many times over the years and
have completed several successful transactions with court trustees.  I am very
familiar with the entire process.

I specializes in the marketing and sale of multimillion dollar sales throughout the
Westside including, Beverly Hills, Bel Air, Brentwood, Holmby Hills and Malibu.

My listings generally vary in price from $2,500,000-$25,000,000.

I have had great success in marketing and selling my high-end listings because of
my attention to detail and marketing skills,

I'm consistently ranked among the top 100 agents for Coldwell Banker in Southern
California and among the top 1% of agents nationwide.

166 North Canon Drive, Beverly Hills, CA 90210
Office: 310.273.3113

Owned And Operated By NRT LLC.

EXHIBIT C

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Sam S. Leslie, CPA<br>6310 San Vicente Blvd.<br>Suite 320<br>Los Angeles, CA 90048<br><br>Telephone: 323/549-6900<br>Facsimile: 323/549-6905<br><br>~~Attorney for~~ Chapter 7 Trustee | |

<table>
<tr>
<td colspan="2" align="center"><b>UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA</b></td>
</tr>
<tr>
<td>In re:<br><br>       MOJGAN BOODAIE,<br><br><br>                                   Debtor.</td>
<td>CHAPTER   7<br><br>CASE NUMBER<br>2:09-bk-35755-ER<br><br><hr>(No Hearing Required)</td>
</tr>
</table>

## STATEMENT OF DISINTERESTEDNESS FOR EMPLOYMENT
## OF PROFESSIONAL PERSON UNDER F.R.B.P. 2014
### *(File with Application for Employment)*

1.    Name, address and telephone number of the professional ("the Professional") submitting this Statement:

     William Friedman
     Coldwell Banker
     5450 Lincoln Blvd.
     Playa Vista, California 90094
     Telephone: 310/305-4207; Facsimile: 310/836-4720

2.    The services to be rendered by the Professional in this case are *(specify)*:

     Real estate brokerage services.

3.    The terms and source of the proposed compensation and reimbursement of the Professional are *(specify)*:

     Proceeds from the sale of the estate's residential real property commonly
     described as 907 North Roxbury Drive, Beverly Hills, California 90210.

4.    The nature and terms of retainer (i.e., nonrefundable versus an advance against fees) held by the Professional are *(specify)*:

     No retainer is requested.

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                **F 2014-1**
00016   F20141

Statement of Disinterestedness for Employment of Professional Person - *Page 2*    **F 2014-1**

| In re             MOJGAN BOODAIE,                    Debtor. | CHAPTER 7  CASE NUMBER 2:09-bk-35755-ER |
|---|---|

5.  The investigation of disinterestedness made by the Professional prior to submitting this Statement consisted of *(specify)*:
Conflict check run on existing and prior clients and their principals, as applicable.

6.  The following is a complete description of all of the Professional's connections with the debtor, principals of the debtor, insiders, the debtor's creditors, any other party or parties in interest, and their respective attorneys and accountants, or any person employed in the Office of the United States Trustee *(specify, attaching extra pages as necessary)*:

None.

7.  The Professional is not a creditor, an equity security holder or an insider of the debtor, except as follows *(specify, attaching extra pages as necessary)*:

N/A.

8.  The Professional is not and was not an investment banker for any outstanding security of the debtor.

9.  The Professional has not been within three (3) years before the date of the filing of the petition herein, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the debtor.

10. The Professional is not and was not, within two (2) years before the date of the filing of the petition herein, a director, officer or employee of the debtor or of any investment banker for any security of the debtor.

11. The Professional neither holds nor represents any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor or an investment banker for any security of the debtor, or for any other reason, except as follows *(specify, attaching extra pages as necessary)*:

N/A.

12. Name, address and telephone number of the person signing this Statement on behalf of the Professional and the relationship of such person to the Professional *(specify)*:

William Friedman of Coldwell Banker.  (See No. 1 for address/telephone.)

13. The Professional is not a relative or employee of the United States Trustee or a Bankruptcy Judge, except as follows *(specify, attaching extra pages as necessary)*:

N/A.

14. Total number of attached pages of supporting documentation: 0

15. After conducting or supervising the investigation described in Paragraph 5 above, I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct except that I declare that Paragraphs 6 through 11 are stated on information and belief.

Executed on the 18 day of December , 20 09 , at Playa Vista , California.

William Friedman
*Type Name of Professional*

*Signature of Professional*

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                    **F 2014-1**

EXHIBIT D

<table>
<tr><td>Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number<br><br>Sam S. Leslie, CPA<br>6310 San Vicente Blvd.<br>Suite 320<br>Los Angeles, CA 90048<br><br>Telephone: 323/549-6900<br>Facsimile: 323/549-6905<br><br>X̶X̶X̶X̶X̶X̶X̶X̶ Chapter 7 Trustee</td><td>FOR COURT USE ONLY</td></tr>
</table>

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>MOJGAN BOODAIE,<br><br>Debtor. | CHAPTER _7_<br><br>CASE NUMBER<br>2:09-bk-35755-ER<br><br>(No Hearing Required) |
| --- | --- |

## STATEMENT OF DISINTERESTEDNESS FOR EMPLOYMENT
## OF PROFESSIONAL PERSON UNDER F.R.B.P. 2014
### *(File with Application for Employment)*

1.  Name, address and telephone number of the professional ("the Professional") submitting this Statement:

    Michael D. Sahakian
    Coldwell Banker
    166 N. Canon Drive
    Beverly Hills, California 90210
    Telephone: 310/273-3113

2.  The services to be rendered by the Professional in this case are *(specify)*:

    Real estate brokerage services.

3.  The terms and source of the proposed compensation and reimbursement of the Professional are *(specify)*:

    Proceeds from the sale of the estate's residential real property commonly
    described as 907 North Roxbury Drive, Beverly Hills, California 90210.

4.  The nature and terms of retainer (i.e., nonrefundable versus an advance against fees) held by the Professional are *(specify)*:

    No retainer is requested.

---

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

00019

**F 2014-1**

F20141

Statement of Disinterestedness for Employment of Professional Person - *Page 2*    **F 2014-1**

| In re | MOJGAN BOODAIE, | CHAPTER _7___ |
|-------|-----------------|---------------|
|       | Debtor. | CASE NUMBER 2:09-bk-35755-ER |

5.  The investigation of disinterestedness made by the Professional prior to submitting this Statement consisted of *(specify)*:
    Conflict check run on existing and prior clients and their principals, as
    applicable.

6.  The following is a complete description of all of the Professional's connections with the debtor, principals of the debtor, insiders, the debtor's creditors, any other party or parties in interest, and their respective attorneys and accountants, or any person employed in the Office of the United States Trustee *(specify, attaching extra pages as necessary)*:

    None.

7.  The Professional is not a creditor, an equity security holder or an insider of the debtor, except as follows *(specify, attaching extra pages as necessary)*:

    N/A.

8.  The Professional is not and was not an investment banker for any outstanding security of the debtor.

9.  The Professional has not been within three (3) years before the date of the filing of the petition herein, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the debtor.

10. The Professional is not and was not, within two (2) years before the date of the filing of the petition herein, a director, officer or employee of the debtor or of any investment banker for any security of the debtor.

11. The Professional neither holds nor represents any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor or an investment banker for any security of the debtor, or for any other reason, except as follows *(specify, attaching extra pages as necessary)*:

    N/A.

12. Name, address and telephone number of the person signing this Statement on behalf of the Professional and the relationship of such person to the Professional *(specify)*:

    Michael D. Sahakian of Coldwell Banker.  (See No. 1 for address/telephone.)

13. The Professional is not a relative or employee of the United States Trustee or a Bankruptcy Judge, except as follows *(specify, attaching extra pages as necessary)*:

    N/A.

14. Total number of attached pages of supporting documentation: _0_____

15. After conducting or supervising the investigation described in Paragraph 5 above, I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct except that I declare that Paragraphs 6 through 11 are stated on information and belief.

Executed on the _18th_ day of _December_ , 20 _09_ , at _Beverly Hills_ , California.

Michael D. Sahakian
*Type Name of Professional*                          *Signature of Professional*

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                          **F 2014-1**

**EXHIBIT E**



CALIFORNIA
ASSOCIATION
OF REALTORS®

## RESIDENTIAL LISTING AGREEMENT
### (Exclusive Authorization and Right to Sell)
(C.A.R. Form RLA, Revised 2/09)

1. **EXCLUSIVE RIGHT TO SELL:** _____ *Sam Leslie Chapter 7 Trustee* _____ ("Seller")
hereby employs and grants _____ *Coldwell Banker* _____ ("Broker")
beginning (date) *December 9, 2009* and ending at 11:59 P.M. on (date) *May 9, 2009* ("Listing Period")
the exclusive and irrevocable right to sell or exchange the real property in the City of *Beverly Hills* ,
County of *Los Angeles* Assessor's Parcel No. _____
California, described as: *907 N. Roxbury Drive* _____ ("Property").

2. **ITEMS EXCLUDED AND INCLUDED:** Unless otherwise specified in a real estate purchase agreement, all fixtures and fittings that
are attached to the Property are included, and personal property items are excluded, from the purchase price.
**ADDITIONAL ITEMS EXCLUDED:** _____
**ADDITIONAL ITEMS INCLUDED:** _____
Seller intends that the above items be excluded or included in offering the Property for sale, but understands that: **(i)** the purchase
agreement supersedes any intention expressed above and will ultimately determine which items are excluded and included in the
sale; and **(ii)** Broker is not responsible for and does not guarantee that the above exclusions and/or inclusions will be in the purchase
agreement.

3. **LISTING PRICE AND TERMS:**
   A.  The listing price shall be: *Seven Million Four Hundred Fifty Thousand*
       _____ Dollars ($ *7,450,000.00* ).
   B.  Additional Terms: *Subject ot bankruptcy court approval. Property sold "as-is". Addendum is
       attached.*

4. **COMPENSATION TO BROKER:**
   **Notice: The amount or rate of real estate commissions is not fixed by law. They are set by each Broker
   individually and may be negotiable between Seller and Broker (real estate commissions include all
   compensation and fees to Broker).**
   A.  Seller agrees to pay to Broker as compensation for services irrespective of agency relationship(s), either ☒ *5.000* percent
       of the listing price (or if a purchase agreement is entered into, of the purchase price), or ☐ $ _____
       AND _____ , as follows:
       (1) If during the Listing Period, or any extension, Broker, Seller, cooperating broker, or any other person procures a buyer(s)
           who offers to purchase the Property on the above price and terms, or on any price and terms acceptable to Seller. (Broker
           is entitled to compensation whether any escrow resulting from such offer closes during or after the expiration of the Listing
           Period.)
   OR (2) If within _____ calendar days (a) after the end of the Listing Period or any extension; or (b) after any cancellation
           of this Agreement, unless otherwise agreed, Seller enters into a contract to sell, convey, lease or otherwise transfer the
           Property to anyone ("Prospective Buyer") or that person's related entity: (i) who physically entered and was shown the
           Property during the Listing Period or any extension by Broker or a cooperating broker; or (ii) for whom Broker or any
           cooperating broker submitted to Seller a signed, written offer to acquire, lease, exchange or obtain an option on the
           Property. Seller, however, shall have no obligation to Broker under paragraph 4A(2) unless, not later than **3 calendar days**
           after the end of the Listing Period or any extension or cancellation, Broker has given Seller a written notice of the names of
           such Prospective Buyers.
   OR (3) If, without Broker's prior written consent, the Property is withdrawn from sale, conveyed, leased, rented, otherwise
           transferred, or made unmarketable by a voluntary act of Seller during the Listing Period, or any extension.
   B.  If completion of the sale is prevented by a party to the transaction other than Seller, then compensation due under paragraph 4A
       shall be payable only if and when Seller collects damages by suit, arbitration, settlement or otherwise, and then in an amount
       equal to the lesser of one-half of the damages recovered or the above compensation, after first deducting title and escrow
       expenses and the expenses of collection, if any.
   C.  In addition, Seller agrees to pay Broker: _____
   D.  Seller has been advised of Broker's policy regarding cooperation with, and the amount of compensation offered to, other brokers.
       (1) Broker is authorized to cooperate with and compensate brokers participating through the multiple listing service(s)
           ("MLS") by offering MLS brokers either ☐ _____ percent of the purchase price, or ☐ $ _____ .
       (2) Broker is authorized to cooperate with and compensate brokers operating outside the MLS as per Broker's policy.
   E.  ~~Seller hereby irrevocably assigns to Broker the above compensation from Seller's funds and proceeds in escrow. Broker may~~
       ~~submit this Agreement, as instructions to compensate Broker pursuant to paragraph 4A, to any escrow regarding the Property~~
       ~~involving Seller and a buyer or Prospective Buyer or other transferee.~~
   F.  (1) ~~Seller represents that Seller has not previously entered into a listing agreement with another broker regarding the Property,~~
           ~~unless specified as follows:~~
       (2) ~~Seller warrants that Seller has no obligation to pay compensation to any other broker regarding the Property unless the~~
           ~~Property is transferred to any of the following individuals or entities:~~
       (3) If the Property is sold to anyone listed above during the time Seller is obligated to compensate another broker: (i) Broker is
           not entitled to compensation under this Agreement; and (ii) Broker is not obligated to represent Seller in such transaction.

The copyright laws of the United States (Title 17 U.S. Code) forbid the
unauthorized reproduction of this form, or any portion thereof, by photocopy
machine or any other means, including facsimile or computerized formats.
Copyright © 1991-2009, CALIFORNIA ASSOCIATION OF REALTORS®, INC.
ALL RIGHTS RESERVED.
**RLA REVISED 2/09 (PAGE 1 OF 3)**

Seller acknowledges receipt of a copy of this page.
Seller's Initials (_____) (_____)

Reviewed by _____ Date _____

EQUAL HOUSING
OPPORTUNITY

### RESIDENTIAL LISTING AGREEMENT - EXCLUSIVE (RLA PAGE 1 OF 3)

| Agent:  Coldwell Banker | Phone: (310) 305-4200 | Fax: (310) 578-8393 | Prepared using WINForms® software |
|---|---|---|---|

Broker: Coldwell Banker Los Angeles 5450 Lincoln Blvd., Los Angeles CA 90094

*907 Roxbury*
Property Address: *Beverly Hills, CA  90210*        Date: _____

5. **OWNERSHIP, TITLE AND AUTHORITY:** ~~Seller warrants that: (i) Seller is the owner of the Property; (ii) no other persons or entities have title to the Property; and (iii) Seller has the authority to both execute this Agreement and sell the Property. Exceptions to ownership, title and authority are as follows:~~

6. **MULTIPLE LISTING SERVICE:** All terms of the transaction, including financing, if applicable, will be provided to the selected MLS for publication, dissemination and use by persons and entities on terms approved by the MLS. Seller authorizes Broker to comply with all applicable MLS rules. MLS rules allow MLS data about the Property to be made available by the MLS to additional Internet sites unless Seller gives Broker instructions to the contrary. MLS rules generally provide that residential real property and vacant lot listings be submitted to the MLS within 48 hours or some other period of time after all necessary signatures have been obtained on the listing agreement. However, Broker will not have to submit this listing to the MLS or can prohibit this listing or certain information from or about it from appearing on certain Internet sites if, Broker submits to the MLS such an instruction signed by Seller (C.A.R. Form SEL or the locally required form). Information about this listing will be provided to the MLS of Broker's selection unless a form instructing Broker to the contrary is attached to this listing Agreement.

7. **SELLER REPRESENTATIONS:** ~~Seller represents that, unless otherwise specified in writing, Seller is unaware of: (i) any Notice of~~ Default recorded against the Property; (ii) any delinquent ~~amounts due under any loan secured by, or other~~ obligation affecting the Property; (iii) any bankruptcy, insolvency or similar ~~proceeding affecting the Property; (iv) any~~ litigation, arbitration, administrative action, government ~~investigation or other~~ pending or threatened action that affects or may affect the Property ~~or Seller's ability to~~ transfer it; and (v) any current, pending or proposed special assessments affecting the Property. Seller shall promptly notify Broker in writing if Seller becomes aware of any of these items during the Listing Period or any extension thereof.

8. **BROKER'S AND SELLER'S DUTIES:** Broker agrees to exercise reasonable effort and due diligence to achieve the purposes of this Agreement. Unless Seller gives Broker written instructions to the contrary, Broker is authorized to order reports and disclosures as appropriate or necessary and advertise and market the Property by any method and in any medium selected by Broker, including MLS and the Internet, and, to the extent permitted by these media, control the dissemination of the information submitted to any medium. Seller agrees to consider offers presented by Broker, and to act in good faith to accomplish the sale of the Property by, among other things, making the Property available for showing at reasonable times and referring to Broker all inquiries of any party interested in the Property. Seller is responsible for determining at what price to list and sell the Property. ~~Seller further agrees to indemnify, defend and hold Broker harmless from all claims, disputes, litigation, judgments and attorney fees arising from any incorrect information supplied by Seller, or from any material facts that Seller knows but fails to disclose.~~

9. **DEPOSIT:** Broker is authorized to accept and hold on Seller's behalf any deposits to be applied toward the purchase price.

10. **AGENCY RELATIONSHIPS:**
    A. **Disclosure:** If the Property includes residential property with one-to-four dwelling units, Seller shall receive a "Disclosure Regarding Agency Relationships" form prior to entering into this Agreement.
    B. **Seller Representation:** Broker shall represent Seller in any resulting transaction, except as specified in paragraph 4F.
    C. **Possible Dual Agency With Buyer:** Depending upon the circumstances, it may be necessary or appropriate for Broker to act as an agent for both Seller and buyer, exchange party, or one or more additional parties ("Buyer"). Broker shall, as soon as practicable, disclose to Seller any election to act as a dual agent representing both Seller and Buyer. If a Buyer is procured directly by Broker or an associate-licensee in Broker's firm, Seller hereby consents to Broker acting as a dual agent for Seller and such Buyer. In the event of an exchange, Seller hereby consents to Broker collecting compensation from additional parties for services rendered, provided there is disclosure to all parties of such agency and compensation. Seller understands and agrees that: (i) Broker, without the prior written consent of Seller, will not disclose to Buyer that Seller is willing to sell the Property at a price less than the listing price; (ii) Broker, without the prior written consent of Buyer, will not disclose to Seller that Buyer is willing to pay a price greater than the offered price; and (iii) except for (i) and (ii) above, a dual agent is obligated to disclose known facts materially affecting the value or desirability of the Property to both parties.
    D. **Other Sellers:** Seller understands that Broker may have or obtain listings on other properties, and that potential buyers may consider, make offers on, or purchase through Broker, property the same as or similar to Seller's Property. Seller consents to Broker's representation of sellers and buyers of other properties before, during and after the end of this Agreement.
    E. **Confirmation:** If the Property includes residential property with one-to-four dwelling units, Broker shall confirm the agency relationship described above, or as modified, in writing, prior to or concurrent with Seller's execution of a purchase agreement.

11. **SECURITY AND INSURANCE:** Broker is not responsible for loss of or damage to personal or real property, or person, whether attributable to use of a keysafe/lockbox, a showing of the Property, or otherwise. Third parties, including, but not limited to, appraisers, inspectors, brokers and prospective buyers, may have access to, and take videos and photographs of, the interior of the Property. Seller agrees: (i) to take reasonable precautions to safeguard and protect valuables that might be accessible during showings of the Property; and (ii) to obtain insurance to protect against these risks. Broker does not maintain insurance to protect Seller.

12. **KEYSAFE/LOCKBOX:** A keysafe/lockbox is designed to hold a key to the Property to permit access to the Property by Broker, cooperating brokers, MLS participants, their authorized licensees and representatives, authorized inspectors, and accompanied prospective buyers. Broker, cooperating brokers, MLS and Associations/Boards of REALTORS® are **not** insurers against injury, theft, loss, vandalism or damage attributed to the use of a keysafe/lockbox. Seller does (or if checked ☐ does not) authorize Broker to install a keysafe/lockbox. If Seller does not occupy the Property, Seller shall be responsible for obtaining occupant(s)' written permission for use of a keysafe/lockbox.

13. **SIGN:** Seller does (or if checked ☐ does not) authorize Broker to install a FOR SALE/SOLD sign on the Property.

14. **EQUAL HOUSING OPPORTUNITY:** The Property is offered in compliance with federal, state and local anti-discrimination laws.

15. **ATTORNEY FEES:** In any action, proceeding or arbitration between Seller and Broker regarding the obligation to pay compensation under this Agreement, the prevailing Seller or Broker shall be entitled to reasonable attorney fees and costs from the non-prevailing Seller or Broker, except as provided in paragraph 19A.

16. **ADDITIONAL TERMS:** _____
_____
_____

Seller acknowledges receipt of a copy of this page.
Seller's Initials (_____) (_____)

| Reviewed by | _____ | Date | _____ |
|---|---|---|---|

Copyright © 1991-2009, CALIFORNIA ASSOCIATION OF REALTORS®, INC.
RLA REVISED 2/09 (PAGE 2 OF 3)

EQUAL HOUSING OPPORTUNITY

907 Roxbury.zf

**RESIDENTIAL LISTING AGREEMENT - EXCLUSIVE (RLA PAGE 2 OF 3)**

00023

*907 Roxbury*
Property Address: *Beverly Hills, CA  90210*                              Date: _____

17. **MANAGEMENT APPROVAL:** If an associate-licensee in Broker's office (salesperson or broker-associate) enters into this Agreement on Broker's behalf, and Broker or Manager does not approve of its terms, Broker or Manager has the right to cancel this Agreement, in writing, within 5 Days After its execution.
18. **SUCCESSORS AND ASSIGNS:** This Agreement shall be binding upon Seller and Seller's successors and assigns.
19. **DISPUTE RESOLUTION:**
    A. **MEDIATION:** Seller and Broker agree to mediate any dispute or claim arising between them out of this Agreement, or any resulting transaction, before resorting to arbitration or court action, subject to paragraph 19B(2) below. Paragraph 19B(2) below applies whether or not the arbitration provision is initialed. Mediation fees, if any, shall be divided equally among the parties involved. If, for any dispute or claim to which this paragraph applies, any party commences an action without first attempting to resolve the matter through mediation, or refuses to mediate after a request has been made, then that party shall not be entitled to recover attorney fees, even if they would otherwise be available to that party in any such action. THIS MEDIATION PROVISION APPLIES WHETHER OR NOT THE ARBITRATION PROVISION IS INITIALED.
    B. **ARBITRATION OF DISPUTES:** (1) Seller and Broker agree that any dispute or claim in law or equity arising between them regarding the obligation to pay compensation under this Agreement, which is not settled through mediation, shall be decided by neutral, binding arbitration, including and subject to paragraph 19B(2) below. The arbitrator shall be a retired judge or justice, or an attorney with at least 5 years of residential real estate law experience, unless the parties mutually agree to a different arbitrator who shall render an award in accordance with substantive California law. The parties shall have the right to discovery in accordance with California Code of Civil Procedure §1283.05. In all other respects, the arbitration shall be conducted in accordance with Title 9 of Part III of the California Code of Civil Procedure. Judgment upon the award of the arbitrator(s) may be entered in any court having jurisdiction. Interpretation of this agreement to arbitrate shall be governed by the Federal Arbitration Act.
    (2) EXCLUSIONS FROM MEDIATION AND ARBITRATION: The following matters are excluded from mediation and arbitration: (i) a judicial or non-judicial foreclosure or other action or proceeding to enforce a deed of trust, mortgage, or installment land sale contract as defined in California Civil Code §2985; (ii) an unlawful detainer action; (iii) the filing or enforcement of a mechanic's lien; and (iv) any matter that is within the jurisdiction of a probate, small claims, or bankruptcy court. The filing of a court action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies, shall not constitute a waiver of the mediation and arbitration provisions.

    "NOTICE: BY INITIALING IN THE SPACE BELOW YOU ARE AGREEING TO HAVE ANY DISPUTE ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION DECIDED BY NEUTRAL ARBITRATION AS PROVIDED BY CALIFORNIA LAW AND YOU ARE GIVING UP ANY RIGHTS YOU MIGHT POSSESS TO HAVE THE DISPUTE LITIGATED IN A COURT OR JURY TRIAL. BY INITIALING IN THE SPACE BELOW YOU ARE GIVING UP YOUR JUDICIAL RIGHTS TO DISCOVERY AND APPEAL, UNLESS THOSE RIGHTS ARE SPECIFICALLY INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION. IF YOU REFUSE TO SUBMIT TO ARBITRATION AFTER AGREEING TO THIS PROVISION, YOU MAY BE COMPELLED TO ARBITRATE UNDER THE AUTHORITY OF THE CALIFORNIA CODE OF CIVIL PROCEDURE. YOUR AGREEMENT TO THIS ARBITRATION PROVISION IS VOLUNTARY."
    "WE HAVE READ AND UNDERSTAND THE FOREGOING AND AGREE TO SUBMIT DISPUTES ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION TO NEUTRAL ARBITRATION."

    | Seller's Initials | ____ / ____ | Broker's Initials | ____ / ____ |

20. **ENTIRE AGREEMENT:** All prior discussions, negotiations and agreements between the parties concerning the subject matter of this Agreement are superseded by this Agreement, which constitutes the entire contract and a complete and exclusive expression of their agreement, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. If any provision of this Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect. This Agreement and any supplement, addendum or modification, including any photocopy or facsimile, may be executed in counterparts.

By signing below, Seller acknowledges that Seller has read, understands, received a copy of and agrees to the terms of this Agreement.

Seller _____      Sam Leslie Chapter 7 Trustee      Date *12-11-09*
Address _____  City _____  State _____  Zip _____
Telephone _____  Fax _____  E-mail _____

Seller _____                                        Date _____
Address _____  City _____  State _____  Zip _____
Telephone _____  Fax _____  E-mail _____

Real Estate Broker (Firm) _____  Coldwell Banker  DRE Lic. # 00616212
By (Agent) *Bill Friedman / Michael Nahatian*  DRE Lic. # _____  Date _____
Address *166 N. Canon Drive*  City *Beverly Hills*  State *CA*  Zip *90210*
Telephone *310-285-7514*  Fax *310-278-1167*  E-mail *Mnahatian@aol.com*

THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.

This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

| Reviewed by _____ Date _____ |

RLA REVISED 2/09 (PAGE 3 OF 3)

**RESIDENTIAL LISTING AGREEMENT - EXCLUSIVE (RLA PAGE 3 OF 3)**                   907 Roxbury.zf

### ADDENDUM TO EXCLUSIVE AUTHORIZATION AND RIGHT TO SALE

Sam Leslie, Chapter 7 Trustee for Mojgan Boodaie ("Debtor"), in the United States Bankruptcy Court for the Central District of California, agrees to Coldwell Banker ("Broker") the exclusive right to negotiate a sale of the real property commonly described as 907 Roxbury Drive, Beverly Hills , California ("Property"), upon the terms and conditions of the Exclusive Authorization and Right to Sell ("Exclusive Authorization"), as amended by the following terms and conditions:

    1.   Addendum.  This Agreement is an Addendum to the Exclusive Authorization and Right to Sell Property proposed by Broker.  Notwithstanding any contrary terms and conditions in the Exclusive Authorization proposed by Broker, this Addendum shall apply.

    2.   No Liability.  The Trustee is listing the Property for sale with Broker in his capacity as Trustee and not in his personal capacity, and no liability or obligations shall accrue to him / her personally as a result of such listing.

    3.   Termination.  The Trustee may terminate the Exclusive Authorization at his option and upon written notice to the Broker at any time, and no liability or obligations shall accrue to the estate or to the Trustee, either personally or in his / her capacity as Trustee, as a result of any such termination.

    4.   Abandonment.  The Trustee reserves the right, in his / her sole discretion, to determine not to sell the Property and to abandon the Property by serving a notice of his intention to abandon the Property upon the Debtor, all creditors, the United States Trustee, and all parties in interest.  In the event of any such abandonment, the Exclusive Authorization and this Addendum shall terminate and no liability or obligations shall accrue to the estate or to the Trustee, either personally or in his / her capacity as Trustee, as a result of any such abandonment and termination.

    5.   Conditions of Sale.  The Broker agrees and understands that any sale of the Property shall be subject to the following terms and conditions:

        a.   The Trustee is selling the Property in his / her capacity as the Trustee and not in his / her personal capacity, and no liability or obligations shall accrue to him / her personally as a result of any sale;

124805.1   9937176A

b.   If for any reason, or no reason whatsoever, the Trustee is unable to deliver possession or title to the Property to any potential purchaser, the purchaser's sole remedy shall be the return of any money that the purchaser has deposited towards the purchase of the Property;

c.   The Trustee is selling the Property in an "AS IS" condition or basis by quitclaim deed without any representations or warranties whatsoever, including without limitation representations or warranties as to title, oil and mineral rights, city or government agency notifications regarding work to be done, marketability of title, ownership, physical condition, compliance with state, city or federal statutes, codes, ordinances, or regulations, geological stability, zoning, suitability for improvement, and fire insurance policies to cover any improvements on the Property, nor any assurances regarding the subdividability of the Property;

d.   The sale of the Property is subject to Bankruptcy Court approval after notice to the Debtors, all creditors, the United States Trustee, and other parties in interest as required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rules; the sale is also subject to overbid at public sale.

e.   The purchaser shall, at the purchaser's sole expense, acquire any and all insurance policies that the purchaser desires to cover the Property.  The Trustee does not agree to acquire or transfer any insurance policies to the purchaser;

f.   The purchaser is to arrange for all financing of the acquisition of the Property before the close of escrow;

g.   All escrow fees shall be shared and paid on a 50/50 basis by the Trustee and the purchaser;

h.   The purchaser shall, at the purchaser's sole expense, install all smoke detectors, if any, as may be required by state or local law.  The Trustee is not required to deliver to the purchaser a written statement of compliance with any applicable state and local law;

i.   The purchaser shall, at purchaser's sole expense, obtain any and all pest control inspection repairs that purchaser deems appropriate;

124805.1   9937176A                    2

00026

j.   If any local ordinance requires that the Property be brought into compliance with minimum energy conservation standards as a condition of sale or transfer, the purchaser shall comply with and pay for these requirements at purchaser's sole expense;

k.   Any sale is subject to the following conditions being satisfied before the close of escrow:

(1)  the Trustee must prevail with respect to any objections to the proposed sale; and

(2)  the Trustee reserves the right to reject any and all offers which in his/her judgment are insufficient; and

l.   The Property is being sold subject to:

(1)  All general and special taxes that are presently due, or may become due, regarding the Property, other than property taxes, which shall be prorated as of the close of escrow;

(2)  Any and all easements, restrictions, rights and conditions of record and rights of way, against, on or regarding the Property.  Title, however, is to be transferred free of secured claims of record.

6.   Payment of Commission. The commission to be paid to Broker shall only be paid from the proceeds of the sale of the Property.  The payment of commission is subject to prior approval of the Bankruptcy Court.

7.   Entire Agreement. This Addendum and the Exclusive Authorization, to the extent that such Exclusive Authorization is not contrary to the terms and conditions herein, constitute the entire contract between the parties.  All prior agreements between the parties are incorporated into this contract.  Its terms are intended by the parties as a final expression of their agreement with respect to such terms as are included herein, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement.  The parties further intend that this agreement constitutes the complete, final and exclusive statement of its terms and that no extrinsic evidence whatsoever may be introduced in any judicial or arbitration proceeding, if any, involving this agreement.

8.   Bankruptcy Court Jurisdiction. The Court shall have exclusive jurisdiction to resolve any and all disputes relating to this Agreement sitting without a jury, which is specifically

124805.1    9937176A                    3

waived.  This agreement and any disputes related thereto shall be
governed by California law.

124805.1    9937176A                          4

Case 2:09-bk-35755-ER    Doc 33    Filed 12/21/09    Entered 12/21/09 10:32:53    Desc
Main Document      Page 29 of 36

**EXHIBIT F**

Sam S. Leslie, CPA
6310 San Vicente Blvd.
Suite 320
Los Angeles, CA 90048
Telephone: 323/549-6900
Facsimile: 323/549-6905
trustee@lesliecpa.com

Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re | ) Case No. 2:09-bk-35755-ER |
| | )      [Chapter 7] |
| MOJGAN BOODAIE, | ) |
| | ) TRUSTEE'S NOTICE OF INTENTION |
| Debtor. | ) TO EMPLOY REAL ESTATE BROKER |
| | ) FOR THE ESTATE'S RESIDENTIAL |
| | ) REAL PROPERTY |
| | ) |
| | ) [No Hearing Required Unless |
| _____ | ) Requested; Local Rule 2014-1] |

TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY

JUDGE, UNITED STATES TRUSTEE, DEBTOR, ALL CREDITORS AND OTHER

INTERESTED PARTIES:

    PLEASE TAKE NOTICE that Sam S. Leslie, Chapter 7 Trustee

("Trustee") of the above-captioned estate, has filed an Applica-

tion seeking authority to employ Coldwell Banker ("Coldwell")

through its agents, William Friedman, 5450 Lincoln Blvd., Playa

Vista, California 90094 and Michael D. Sahakian, 166 N. Canon

Drive, Beverly Hills, California 90210 for the express purpose

of marketing the estate's interest in the Debtor's residential

////

1 | real property located at 907 North Roxbury Drive, Beverly

2 | Hills, California 90210 (the "Property").

3 |     The Application provides for a broker's commission of five

4 | percent (5%) to be split between Coldwell and any buyer's broker.

5 |     A copy of the Trustee's Application can be obtained from

6 | the Trustee at the address in the upper left hand corner of the

7 | first page of this Notice or from the Trustee's proposed counsel:

8 |                    Carolyn A. Dye, Esq.
  |                    3435 Wilshire Blvd.
9 |                    Suite 1045
  |                    Los Angeles, CA 90010

10 |

11 |     PLEASE TAKE FURTHER NOTICE that Local Bankruptcy Rule

12 | 2014-1(b)(3)(E) requires that anyone wishing to respond or object

13 | to the Application must, within fifteen (15) days of the date of

14 | this Notice, file with the Bankruptcy Court (255 East Temple

15 | Street, Ninth Floor, Los Angeles, California 90012) serve upon

16 | (i) Trustee at the address in the upper left hand corner of the

17 | first page of this Notice; (ii) Carolyn A. Dye, Esq., 3435

18 | Wilshire Blvd., Suite 1045, Los Angeles, California 90010; and

19 | (iii) the Office of the United States Trustee, 725 South Figueroa

20 | Street, Twenty-Sixth Floor, Los Angeles, California 90017, a

21 | request for a hearing and a written response in the form required

22 | by Local Bankruptcy Rule 9013-1(f)(1).  A hearing will then be

23 | set and noticed.

24 |     Any objection not timely filed and served may be deemed by

25 | the Court to be consent to the relief requested and may result

26 | ////

27 | ////

28 | ////

1   in the Court's issuance of an order without further notice or

2   hearing.

3

4   Dated: December 17, 2009

    _____
    Sam S. Leslie, Chapter 7 Trustee

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   Service Date: December 21, 2009

00031

In re:    Case 2:09-bk-35755-ER    Doc 33    Filed 12/21/09    Entered 12/21/09 10:32:53    Desc
MOJGAN BOODAIE Main Document     Page 33 of 36
Debtor.      CASE NUMBER 2:09-bk-35755-ER

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate a NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case. My business address is 3435 Wilshire Blvd., Suite 1045, Los Angeles, California 90010.

A true and correct copy of the foregoing document described as Trustee's Notice of Intention to Employ Real Estate Broker for the Estate's Residential Real Property will be served or was  served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.**     **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On December 21, 2009, I checked the CM/ECF docket for this bankruptcy case and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

| | |
|---|---|
| Stephen F. Biegenzahn | efile@sfblaw.com |
| Sam S. Leslie | sleslie@ecf.epiqsystems.com, gbaltazar@lesliecpa.com |
| Alan I. Nahmias | anahmias@mirmanbubman.com, jdale@mirmanbubman.com |
| Scott H. Noskin | snoskin@mirmanbubman.com |
| Ramesh Singh | claims@recoverycorp.com |
| United States Trustee (LA) | ustpregion16.la.ecf@usdoj.gov |

**II.**     **SERVED BY U.S. MAIL:** On December 21, 2009, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid addressed as follows:

Mojgan Boodaie
907 N. Roxbury Drive
Beverly Hills, CA 90210

**III.**     **SERVED BY PERSONAL DELIVERY:** Pursuant to Fed. R. Civ. Proc. 5 and/or controlling LBR, on December 21, 2009, I arranged for service of the following person(s) and/or entity(ies) to occur on December 21, 2009, by personal delivery as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

The Honorable Ernest M. Robles
United States Bankruptcy Judge
Bin Outside Suite 1560
255 East Temple Street
Los Angeles, CA 90010

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: December 21, 2009

Shawn Sterrett

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

# F 9013-3.1

00032

Label Matrix for local noticing
0973-2
Case 2:09-bk-35755-ER
Central District Of California
Los Angeles
Fri Dec 18 11:13:53 PST 2009

Employment Development Dept.
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

Franchise Tax Board
ATTN: Bankruptcy
P.O. Box 2952
Sacramento, CA 95812-2952

Los Angeles City Clerk
P.O. Box 53200
Los Angeles, CA 90053-0200

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

Asset Foreclosure Services
22837 Ventura Blvd., Suite 350
Woodland Hills, CA 91364-1224

Bank Of America
P.O. Box 10287
Van Nuys, CA 91410-0287

Bank Of America
P.O. Box 851001
Dallas, TX 75285-1001

Chase
P.O. Box 94014
Palatine, IL 60094-4014

Comerica Bank
2000 Avenue Of The Stars
Los Angeles, CA 90067-4700

Discover More Card
P.O. Box 30943
Salt Lake City, UT 84130-0943

Disney Rewards Card
P.O. Box 94014
Palatine, IL 60094-4014

ING Direct
P.O. Box 60
St. Cloud, MN 56302-0060

(p)US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

Michael I. Bubman
Mirman Bubman
21860 Burbank Blvd., Suite 360
Woodland Hills, CA 91367-7406

Peter Cohen, Esq.
Beverly Hills, CA 90210

The Gas Company
P.O. Box C
Monterey Park, CA 91756-0001

United States Trustee (LA)
725 S Figueroa St., 26th Floor
Los Angeles, CA 90017-5524

Mojgan Boodaie
907 No. Roxbury Drive
Beverly Hills, CA 90210-3019

Sam S Leslie
Leslie, Engell & Associates LLP
6310 San Vicente Blvd., Suite 320
Los Angeles, CA 90048-5499

Stephen F Biegenzahn
4300 Via Marisol Ste 764
Los Angeles, CA 90042-5079

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Lexus Financial Services
P.O. Box 790069
St. Louis, MO 63179

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Comerica Bank                        (u)Courtesy NEF

End of Label Matrix
Mailable recipients      20
Bypassed recipients       2
Total                    22

| In re:<br><br>      MOJGAN BOODAIE,<br><br>                                 Debtor. | CHAPTER 7<br><br>CASE NUMBER 2:09-bk-35755-ER |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate a NEF because only orders that have been entered are placed on a CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case. My business address is 3435 Wilshire Blvd., Suite 1045, Los Angeles, California 90010.

A true and correct copy of the foregoing document described as Trustee's Application to Employ Real Estate Broker for the Estate's Residential Real Property; Declarations and Exhibits in Support Thereof will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.**      **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On December 21, 2009, I checked the CM/ECF docket for this bankruptcy case and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

      Stephen F. Biegenzahn      efile@sfblaw.com
      Sam S. Leslie      sleslie@ecf.epiqsystems.com, gbaltazar@lesliecpa.com
      Alan I. Nahmias      anahmias@mirmanbubman.com, jdale@mirmanbubman.com
      Scott H. Noskin      snoskin@mirmanbubman.com
      Ramesh Singh      claims@recoverycorp.com
      United States Trustee (LA)      ustpregion16.la.ecf@usdoj.gov

**II.**      **SERVED BY U.S. MAIL:** On December 21, 2009, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid addressed as follows:

      Mojgan Boodaie
      907 N. Roxbury Drive
      Beverly Hills, CA 90210

**III.**      **SERVED BY PERSONAL DELIVERY:** Pursuant to Fed. R. Civ. Proc. 5 and/or controlling LBR, on December 21, 2009, I arranged for service of the following person(s) and/or entity(ies) to occur on December 21, 2009, by personal delivery as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

      The Honorable Ernest M. Robles
      United States Bankruptcy Judge
      Bin Outside Suite 1560
      255 East Temple Street
      Los Angeles, CA 90010

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: December 21, 2009

                                               Shawn Sterrett

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                              **F 9013-3.1**

00035